DONEL CORPORATION, Don Yoel Levy, Rabbi and Eliezer Levy, d/b/a Organized Kashruth Laboratories, Plaintiffs–Appellees,

v.

KOSHER OVERSEERS ASSOCIATION OF AMERICA, INC., Defendant–Appellant.

Docket No. 01–7423.

United States Court of Appeals, Second Circuit.

April 3, 2002.

Bernard Malina, Malina & Wolson, New York, NY, for Appellant.

Laurence S. Shtasel, Blank, Rome, Comisky & McCauley LLP; Dennis P. McCooe and Alison P. Checkoff on the brief, New York, NY, for Appellees.

Present PIERRE N. LEVAL, SONIA SOTOMAYOR, Circuit Judges, and REENA RAGGI, District Judge.*

---

* The Honorable Reena Raggi, United States District Judge for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

**IN CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

This appeal arises out of a trademark infringement dispute between two kosher certification businesses. The parties resolved their dispute in an arbitration proceeding, and the arbitration award was confirmed by a judgment of the district court. On appeal, Kosher Overseers Association of America, Inc ("KOA") raises numerous arguments challenging the enforceability of the arbitration award. It argues: 1) the district court erred in referring to the arbitrator as to whether Donel Corporation ("Donel") could be substituted as a claimant in the arbitration proceedings for Rabbi Don Yoel Levy and Eliezer Levy ("Levy brothers"), doing business as Organized Kashruth Laboratories ("OK Labs"); 2) the arbitration agreement is voidable because of an allegedly false representation by plaintiffs' counsel that OK Labs and the Levy brothers owned the trademark at issue; 3) Donel was not a proper successor in interest to OK Labs and therefore has no right to sue for trademark infringement occurring before OK Labs' assignment of the mark; 4) the arbitrator exceeded its authority by awarding legal fees to Donel; and 5) OK Labs' counsel had no authority to enter into the arbitration agreement on behalf of the estate of Eliezer Levy.

As to the first claim, we disagree with KOA's assertion that the district court wrongly referred the question whether Donel could be substituted as a claimant. We do not see how the district court's August 25, 2000 decision can be construed to refer

768

the question, when the decision stated that OK Labs and the Levy brothers "had no obligation to substitute Donel" and that KOA "was not prejudiced in any way by the failure to substitute Donel as plaintiff, as the substantive rights sought to be enforced against defendant did not change." The district court stated further that the "effect, if any, of the substitution of Donel as claimant in the arbitration proceedings is best decided as part of those proceedings." Even if this statement is construed as referring the matter in the first instance to the arbitrator, such referral was not inappropriate when the district court subsequently reached the same conclusion. *See, e.g., Nat'l Ass'n of Broad. Employees & Technicians v. Am. Broadcasting Co., Inc.*, 140 F.3d 459, 462–63 (2d Cir.1998).

We find no merit to KOA's claim that the arbitration agreement is unenforceable because OK Labs falsely represented ownership of the trademark. The interests of OK Labs and Donel were identical for all practical business purposes, and KOA has not shown that it suffered any prejudice from the failure to substitute Donel as plaintiff prior to agreeing to arbitrate. We agree with the district court that "the transfer of rights to Donel did not change in any way the substantive rights sought to be enforced against KOA."

With regard to KOA's third and fourth claims, we agree with the district court's conclusion, as explained in its March 8, 2001 decision, that Donel was a proper successor in interest to OK Labs' trademark. Furthermore, the arbitrator's decision as to attorneys' fees was not in "manifest disregard of the law." *See DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 821 (2d Cir.1997).

We reject KOA's claim that OK Labs lacked the authority to enter into an arbitration agreement on behalf of Eliezer Levy's estate for substantially the reasons

given by the district court in its August 25, 2000 order.

Finally, we have considered KOA's remaining arguments and, for the reasons set forth in the district court's decisions on March 20, November 17, and December 29, 2000, we find them to be without merit.